Isiah WASHINGTON, Petitioner–
Appellant,

v.

Brian FISCHER, Superintendent,
Respondent–Appellee.

Docket No. 04–1748–PR.

United States Court of Appeals,
Second Circuit.

Sept. 13, 2005.

Vivian Shevitz, South Salem, N.Y. (on submission), for Petitioner.

Linda Breen, Assistant District Attorney, for Charles J. Hynes, District Attorney Kings County, Brooklyn, N.Y. (Leonard Joblove, Jane S. Meyers, Assistant District Attorneys, on the brief), for Respondent.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Petitioner-appellant Isiah Washington appeals from a January 2004 judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.) denying his petition for a writ of habeas corpus. Washington attacks his conviction

on two grounds: (1) the trial court's jury instruction on excessive force deprived him of due process under the Fourteenth Amendment, and (2) his counsel was ineffective for failing to pursue his Fourth Amendment claim on direct appeal. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

▆ The state argues that this Court is procedurally barred from reviewing Washington's attack on the trial court's jury instruction. Because the state failed to raise its procedural bar argument before the district court, the state's argument is waived and we review the merits of Washington's claim. *United States v. Canady*, 126 F.3d 352, 360 (2d Cir.1997), *cert. denied*, 522 U.S. 1134, 118 S.Ct. 1092, 140 L.Ed.2d 148 (1998) ("[B]ecause the government failed to raise its procedural default defense in the district court, it is precluded from doing so now [on appeal].")

▆ Washington argues that the jury instruction regarding excessive force was an erroneous statement of New York law. We need not reach that issue, however, because we conclude for the following reasons that "the ailing instruction by itself" would in any event not have "so infected the entire trial that the resulting conviction violates due process." *Blazic v. Henderson*, 900 F.2d 534, 541 (2d Cir.1990) (citing *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973) (internal quotation marks omitted)). First, reviewed in its entirety, the jury charge tracked New York's justification statute and made clear that the state carried the burden of proving that Washington did not act in self defense. The trial court reiterated the state's burden throughout its charge. Second, as the district court observed, there was ample evidence from which a juror could conclude that Washington lacked justification for

shooting either victim, *e.g.*: (1) Washington invited the men into his home (despite his alleged fear of Bramwell); (2) after "sens[ing] something was wrong," Washington returned to his apartment (without the other men), obtained a loaded gun, and then left the safety of his apartment to rejoin the other men; (3) no weapon was recovered from either victim; (4) Washington shot both victims multiple times; (5) although Bramwell tried to flee after Washington initially shot him, Washington chased after him and shot him several more times in the back; and (6) after firing the six shots, Washington returned to his apartment, reloaded his weapon, retrieved his drugs and money, and had his mother call him a taxi.

Washington also claims that his counsel was ineffective for failing to argue on direct appeal that his self-incriminating statements were obtained in violation of the Fourth Amendment. However, the Appellate Division adjudicated this claim on the merits in denying Washington's petition for a writ of error coram nobis: "[t]he appellant has failed to establish that he was denied the effective assistance of appellate counsel." *People v. Washington*, 300 A.D.2d 326, 751 N.Y.S.2d 745 (2d Dep't 2002) (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (holding that counsel need not raise every nonfrivolous argument)). That adjudication was neither "contrary to" nor an "unreasonable application of" clearly established Supreme Court precedent. 28 U.S.C. 2254(d)(1). We therefore deny Washington habeas relief.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**